[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs allege the following facts in their amended complaint filed March 16, 1993. On March 14, 1986 the plaintiff purchased from Eli Schwartz a piece of property. On or about June 12, 1990 the plaintiffs discovered that the property was contaminated with hazardous wastes within the meaning of General Statutes 22a-115. Because of this contamination, the value of the property has been destroyed and the plaintiffs are liable for the cost and liability of cleaning the property.
Plaintiffs further allege that the attorneys who represented them at the closing in March of 1986 were either negligent or breached their contract of service with them in that: they failed to request a "negative declaration" concerning hazardous waste on the property; they failed to secure a "certification of cleanup" from the seller; they failed to inquire into past uses of the property which would have revealed the possibility of hazardous waste contamination; they failed to obtain assurances from the seller concerning the presence, or lack thereof, of hazardous waste on the property; and they failed to advise the plaintiffs of the legal significance of hazardous waste on the property. Based on these allegations, counts three through eight of the complaint allege causes of action against defendants Stanley Burdick, Theodore Fretel and their law firm of Burdick Fretel. Counts three, four and five allege a cause of action sounding in CT Page 9694 negligence and legal malpractice against each of the defendants, while counts six, seven and eight allege causes of action sounding in breach of contract against each of the defendants.
The defendants have moved to strike all of these counts on the ground that they are barred by the applicable statutes of limitations. Plaintiffs object to the motion and the parties have filed supporting memoranda of law.
In a motion to strike, the court accepts as true those facts alleged in the complaint and construes them most favorably to the plaintiffs. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 664
(1992). Although the motion to strike does not admit legal conclusions, it does admit all facts necessarily implied from the allegations. Id. Generally, however, a motion to strike is not the proper vehicle for challenging an action based on the lapse of the statute of limitations. Forbes v. Ballaro, 31 Conn. App. 235,239 (1993). There are but two situations wherein the statute of limitations may be addressed via a motion to strike: the first is where the parties agree that the complaint sets forth all the relevant facts necessary for a determination of the issue; and the second is where a statute grants a right of action that did not exist at common law and fixes the time within which the action may be brought. (Citations omitted.) Id. The parties do not dispute that the complaint sets forth all the relevant facts necessary to resolve the statute of limitations issue, and it is therefore proper in this case to consider the statute of limitations issue as raised in its present form.
This action was filed in court on May 5, 1992. Even construing the complaint in plaintiffs' favor, it alleges that defendants' misfeasance took place no later than the date of the closing, March 14, 1986. There is no allegation of a continuing course of conduct which would have tolled the statute of limitations, nor can any such claim be inferred from the allegations. See, e.g., Connell v. Colwell, 214 Conn. 242, 254-55
(1990) (continuing course of conduct requires breach of duty which existed after commission of original wrong, it cannot be the failure of tortfeasor to notify plaintiff of his wrongdoing.) Whether the six year statute of limitations applies pursuant to General Statutes 52-576, or the three year statute of limitations applies pursuant to General Statutes 52-577; see, e.g., Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 529-30 (1989) (whether contract or tort statute of limitations applies depends on the allegations of the complaint); this action is untimely as it was CT Page 9695 filed more than six years after the acts or omissions complained of.
Indeed, plaintiffs do not dispute that this action was filed outside the time periods provided for in 52-576 and 52-577. Plaintiffs instead claim that the appropriate statute of limitations is General Statutes 52-577c.[1] Because the plaintiffs allege, and the court must accept as true, that the condition complained of was discovered on June 12, 1990, this action would be timely if in fact 52-577c is the appropriate statute of limitations.
Plaintiffs' complaint, however, does not seek to recover from these defendants for injuries to person or property; it seeks to recover from them for their alleged failure to do certain things which prudence would have required that they do. It should be noted, moreover, that it is General Statutes 52-577 which applies to legal malpractice actions, and not General Statutes 52-584, the statute of limitations for actions seeking recovery for damage to person or property caused by negligence. Shuster v. Buckley, 5 Conn. App. 473,477 (1985). See also Nickerson v. Martin, 34 Conn. Sup. 22,25-26 (Super.Ct. 1976) (General Statutes 52-577 applies to legal malpractice because action does not fall within language of 52-584.) If 52-584 cannot be construed to cover legal malpractice actions, it would be inappropriate to apply 52-577c to a legal malpractice action when the statutes contain almost identical wording. Our higher courts have never applied any other statutes of imitations to legal malpractice actions other than the contract or tort statutes.
Plaintiffs argue that, in essence, this would leave them without a remedy, and would often result in no recovery against negligent attorneys in hazardous waste cases. Because of the delay between any act or omission on the attorney's part and the possible discovery of contamination, many of these cases would be outside both General Statutes 52-576 and 52-577. Our courts have held many times, however, that in our state "it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues." (Citations omitted.) Protter v. Brown Thompson Co.,25 Conn. App. 360, 365 (1991). See also Ecker v. West Hartford,205 Conn. 219, 241 (1987) (although actions may be barred before they even exist, "it is not the function of the court to alter a legislative policy merely because it produces unfair results.") Because General Statutes 52-576 and 52-577 are the appropriate statutes of limitations for plaintiffs' claims, and this action was CT Page 9696 filed outside the time periods provided for in those statutes, this action was filed untimely and the motion to strike counts three through eight are therefor granted.